IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ERIC CADE,**

    Petitioner,

**v.**                                     **CIVIL ACTION NO. 2:13-CV-45**
                                                                   **(BAILEY)**

**TERRY O'BRIEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on September 3, 2013 [Doc. 25]. In that filing, the magistrate judge recommended that this Court dismiss this § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 27] on September 23, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

I.      **Factual and Procedural History**

On August 25, 2011, the U.S. District Court for the District of Maryland sentenced petitioner Cade to a term of 42 months in prison following his conviction for use of an unauthorized access device, bank fraud, and aggravated identity theft in violation of 18 U.S.C. §§ 1029(a)(2), 1344, and 1028A, respectively. Inmate Data at 2–4 [Doc. 21]. Petitioner's projected release date, via Good Conduct Time Release, is September 12, 2014. *Id.* at 2. On October 4, 2013, petitioner was recommended for placement in a Residential Reentry Center ("RRC"), or "halfway house," for a period of 90 to 120 days. Oct. Referral for CCC Placement [Doc. 21 Attach. 2].

On May 8, 2013, petitioner was erroneously transferred from the U.S. Penitentiary - Hazelton in Bruceton Mills, WV ("USP Hazelton") to the Hope Village RRC in Washington, D.C. According to respondent, the erroneous transfer occurred because petitioner's RRC referral form listed his projected release date as September 12, *2013*, rather than September 12, *2014*, due to a clerical error. Decl. of Chris Pulice ¶ 7 [Doc. 14 Ex. 1]. The RRC referral form referenced by respondent, however, lists petitioner's projected release

date as September 12, 2014; it is thus unclear whether the referral form was corrected at some point, or whether the form was never incorrect. *See* Oct. Referral for CCC Placement, Box 2 ("Anticipated Release Date 09-12-2014"); Decl. of Chris Pulice ¶ 7 (referencing Box 2). In any event, on May 9, 2013, the Bureau of Prisons discovered a mistake had been made and petitioner was taken back into custody.

Petitioner was held at the D.C. Jail from May 9, 2013, until May 22, 2013, when he was returned to USP Hazelton, where he presently remains incarcerated. Inmate History at 1–2 [Doc. 21 Ex. 5]. On June 4, 2013, petitioner underwent a second review and was again recommended for placement in an RRC, this time for a period of 230 to 260 days. June Referral for CCC Placement, Box 3a [Doc. 21 Attach. 8].

On July 1, 2013, petitioner initiated this case by filing a *pro se* petition for habeas corpus [Doc. 1]. Petitioner's Motion for Preliminary Injunction and Expedited Hearing [Doc. 2] was filed concurrently. After Magistrate Judge Kaull issued an Order directing the respondent to show cause why the petition should not be granted, respondent filed a Motion to Dismiss/Motion for Summary Judgment [Doc. 12] on August 1, 2013. Petitioner filed a Response [Doc. 24] on August 23, 2013.

**II.   Analysis**

In his petition, petitioner sets forth only one ground upon which he seeks relief. Specifically, petitioner claims that his May 8 transfer from USP Hazelton to the RRC was a "compassionate release," approved because petitioner is "legally blind," and that his subsequent re-arrest and transfer back to USP Hazelton violated his Fifth, Eighth, and "possibly" Fourteenth Amendment rights. *See* Pet. for Writ of Habeas Corpus at 5 [Doc. 1].

In his Objections to Magistrate Judge Kaull's R&R, however, petitioner abandons his previous argument. Petitioner now contends that following petitioner's return to USP Hazelton, respondent "committed, in writing" to recommend petitioner for "the maximum RRC placement, which would be 12 months," and has acted arbitrarily and capriciously in instead recommending him for only 230 to 260 days' placement. Objections at 3. In support, petitioner cites an email allegedly written by the respondent and sent to Cindy Cade, petitioner's mother, stating that "a new RRC referral has been sent to the RRC Manager with a request for the maximum amt of time permissible for [petitioner] to be at the RRC." *See* Cade, Cindy Email [Doc. 27 Ex. C].

Petitioner also alleges that on September 17, 2013, he was informed in writing that his RRC placement would in fact last for only 90 days, rather than for the 230 to 260 days recommended on his new RRC referral form. Objections at 3. Petitioner claims that "all of the documentation" related to his RRC placement recommendation, therefore, "is either false, altered, or never submitted at all." Objections at 3–4. The writing petitioner allegedly received is a short letter which, quoted in full, states: "Let this reconfirm that your scheduled date to depart Hazelton and report to your designated halfway house with RRC eligibility is: 6-12-2014[.]" Letter [Doc. 27 Ex. D].

Even when all these allegations are considered in a light exceedingly favorable to petitioner—"exceedingly" favorable as, in this Court's view, there is considerable reason to question whether the letter petitioner allegedly received is itself false, altered, or never submitted at all—petitioner's claim lacks merit. While the Second Chance Act does obligate the BOP to facilitate an inmate's transfer from the prison system back into the

4

community, the Act creates no enforceable entitlement to placement in an RRC. *See, e.g.*, ***Prows v. Fed. Bureau of Prisons***, 981 F.2d 466, 469–70 (10th Cir. 1992) (holding that § 3624(c) is an authorization, not a mandate, for nonprison confinement prior to release); ***Fagiolo v. Smith***, 326 F. Supp. 2d 589, 592–93 (M.D. Pa. 2004) (same) (collecting cases). Inmates thus have no protected liberty interest in the nature or duration of their RRC placement. ***Gallegos-Hernandez v. U.S.***, 688 F.3d 190, 195 (5th Cir. 2012); *cf.* ***Meachum v. Fano***, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized . . .. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated"). Consequently, petitioner has no statutorily or constitutionally protected right to RRC placement for any specified duration, regardless of the recommended range noted on his RRC referral form.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 25]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections **[Doc. 27]** are **OVERRULED**. The respondent's Motion to Dismiss/Motion for Summary Judgment **[Doc. 12]** is hereby **GRANTED**. Further, the petitioner's Motion for Preliminary Injunction and Expedited Hearing **[Doc. 2]** is **DENIED as moot**.

Accordingly, this Court hereby **DENIES** and **DISMISSES with prejudice** the petitioner's § 2241 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in

favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

DATED: September 26, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE